Whaley, Judge,
delivered the opinion of the court:
Plaintiff’s bankrupt, the Hampton Boads Shipbuilding Corporation, contracted with the defendant to construct and deliver a lighthouse tender, the “Lilac”, for a consideration of $334,900. The contractor proceeded with the work and in the course thereof received two progress payments amounting to $100,470, the defendant, as it had a right to do, retaining 25%, $33,490, of a total of $133,960, otherwise due. The work was not prosecuted with the diligence necessary to insure completion within the agreed time, and the defendant in this situation exercised the contract right to terminate. The remainder of the work was relet to another contractor, at a price more advantageous to the United States and the entire work was completed at a total expended cost to the Government of $317,095.99, including the actual progress payments made to the original contractor, a sum less by $17,804.01 than the original contract price of $334,900. The plaintiff in his petition sought to recover a greater amount, but now limits his claim to the balance of the retained per cent on the estimated sum, viz $17,804.01.
In Quinn v. United States, 99 U. S. 30, a case similar in all respects to the instant case, the Supreme Court after holding that the first contractor was not entitled to the profits that he would have made had the contract been performed nor to the difference between the contract price and that at which the work was completed by others, said:
But it is otherwise with regard to the ten percent of the price of the work completed, retained by the government.
We have already seen that this was retained for the purpose of securing the completion of the work, and that if not completed by the contractor it was to be used in paying the expenses of such completion. In our view, it is a fair construction of this part of the agreement that the money retained under it is for security that the contractor will not abandon his work, but will proceed in it with due vigor, and for indemnity to the United States in case he fails to do this. Unless, therefore, the government has sustained some loss, some *696 pecuniary or legal damage by bis failure, the money which he has fairly earned should be paid to him when the work which he agreed to do has been completed, though by others. In the case before us the United States made a clear gain of $33,000 by taking away his contract and making a new and more advantageous one with another person. Under such circumstances, the United States no longer has á right to the money withheld for indemnity and security, because the risk is over, the event has occurred, and instead of loss or damage there has been a gain by the transaction.
The plaintiff is entitled to recover the sum of $17,804.01. It is so ordered.
Williams, Judge; LittletoN, Judge; Geeen, Judge; and Booth, Chief Justice, concur.